# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER AGUIRRE,

    Plaintiff,

v.                                                                            CV No. 17-1267 WJ/CG

CORRECTION CORPORATION
OF AMERICA, et al.,

    Defendants.

## PROTECTIVE AGREEMENT AND ORDER

**THIS MATTER** is before the Court on the parties' *Joint Motion for Protective Order*, (Doc. 42), filed August 15, 2018. Upon joint motion by the parties and pursuant to the terms of the following Protective Agreement ("Agreement"), the Court hereby enters the this Protective Order.

    1.      For purposes of this Agreement, CONFIDENTIAL INFORMATION means any document or tangible thing, electronic recording or transcript of oral testimony, whether or not made under oath, and the content of such document, thing, recording, or transcript, designated by any party as confidential because it contains: (1) proprietary information (trade secret, proprietary matter, or other confidential research, development, or commercial information as those terms are used in FED.R.CIV.P. 26); (2) confidential personal information related to current or former employees of Corrections Corporation of America AKA CoreCivic (hereafter "CoreCivic") or TransCor America (hereafter "TransCor"), the disclosure of which might invade those current or former employees' privacy; (3) documents containing financial, pricing, or contractual information, unless they are already public records; (4) security sensitive information

related to the operation of any CoreCivic facility, TransCor transport vehicle, Federal Bureau of Prisons ("BOP") facility, or United States Marshals Service ("USMS") facility; and (5) confidential information relating to or identifying current or former inmates or detainees (other than Christopher Aguirre), the disclosure of which might invade those inmates/detainees' privacy. CONFIDENTIAL INFORMATION is specifically intended to include, but is not limited to: (1) CoreCivic's policies and procedures, unless they are already public records; (2) TransCor's policies and procedures, unless they are already public records; (3) BOP and/or USMS's non-publicly available restricted policies and procedures, to the extent, if any, they apply to Plaintiff's claims; (4) CoreCivic's and/or TransCor's training materials, information, and documents, unless they are already public records, BOP's non-publicly available training documents, and USMS's non-publicly available training documents; (5) Post Orders, unless they are already public records; (6) CoreCivic's and/or TransCor's investigative materials, to the extent, if any, they apply to Plaintiff's claims, unless they are already public records; (7) grievance logs, unless they are already public records; (8) facility diagrams, including information related to placement of security cameras, unless they are already public records; (9) bonus and/or financial information, unless they are already public records; and (10) any of CoreCivic's or TransCor's employee or independent contractor files, unless they are already public records. By way of example, and not limitation, CONFIDENTIAL INFORMATION may be included in documents, simulations, animations, portions of documents, computer programs and software, magnetic or digital discs, electronically recorded tapes of any sort, transcripts, summaries, notes, abstracts, motions, drawings,

and any instrument that comprises, embodies, or summarizes any matter that any party considers confidential.

2. By way of example, the term "documents" includes but is not limited to correspondence, memoranda, or other printed matter, interoffice and/or intra-corporate communications, letters, statements, contracts, invoices, drafts, charts, work sheets, desk diaries, recordings, specifications, compilations from which information can be obtained and translated as required through detection devices into a reasonably usable form, sketches, drawings, notes (including laboratory notebooks and records), disclosures, data, reports, work assignments, instructions, electronic files, electronic information, emails, and other writings.

3. It is contemplated that the parties may produce certain of their files and other information pursuant to agreement or subpoena (files and information that contain confidential as well as non-confidential material) and that, at the time of production, the producing party will designate the documents that they deem to contain CONFIDENTIAL INFORMATION. Only documents marked as **"CONFIDENTIAL"** will be subject to this Protective Agreement and the Court's Protective Order. CONFIDENTIAL INFORMATION will not be disseminated or produced except in accordance with this Agreement.

4. Whenever a deposition or court proceeding involves the disclosure of a party's CONFIDENTIAL INFORMATION to another party, the following procedure will apply:

a. The court reporter will be directed to bind those portions of the transcript containing CONFIDENTIAL INFORMATION separately. This request will be made on the record whenever possible.

b. The cover of any portion of a deposition or court proceeding transcript that contains testimony or documentary evidence that has been designated CONFIDENTIAL INFORMATION will be prominently marked with the legend: **CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER.**

c. All portions of depositions or court proceeding transcripts designated as CONFIDENTIAL INFORMATION will be sealed and will not be disseminated except to the persons identified in Paragraphs 6 and 8.

d. Any party may designate any portion of a deposition, not previously designated as CONFIDENTIAL INFORMATION, within sixty (60) days of receipt of the transcript of said deposition, by the party, as confidential information, by advising all counsel of record of their designation of the specific portions of the deposition as confidential and shall be treated as if designated initially at the deposition, from that point forward.

5. All pleadings or other documents that contain CONFIDENTIAL INFORMATION shall be filed in the public record in redacted form, with as few redactions as possible. The party seeking to use the CONFIDENTIAL INFORMATION shall seek leave of the Court to file an unredacted version of the pleading or other document under seal with the Clerk of the Court.

6. Unless otherwise provided in this Order, see Paragraph 8, access to CONFIDENTIAL INFORMATION will be restricted to the Court, its officers, and to the

following counsel and experts: attorneys in this action, consulting attorneys, and testifying or consulting experts, where production is required by the Federal Rules of Civil Procedure or a court order. Any attorney or expert to whom disclosure is made will be furnished with a copy of the Protective Order and will be subject to the Order.

    7.    CONFIDENTIAL INFORMATION containing address, identifying information, dependent information, or contact information concerning former or current employees or independent contractors of CoreCivic and/or TransCor will not be disclosed to any present or former inmate/detainee or member of the general public. Access will be restricted to the attorneys in this action and any consulting or testifying experts. Moreover, CONFIDENTIAL INFORMATION containing proprietary policies, protocols, practices, and directives relating to security procedures utilized by any CoreCivic or TransCor employee, at any CoreCivic facility, or at any BOP or USMS facility, or for purposes of transportation of inmates or detainees to or from any such facilities, will not be disclosed to any present or former inmate/detainee, unless they are already public records. Defendants will produce the information with the label: **"CONFIDENTIAL/ATTORNEYS' EYES ONLY."** CONFIDENTIAL INFORMATION so labeled shall not be disclosed to the public or to any present or former inmate/detainee, and will be handled accordingly at all times barring a written agreement by CoreCivic and/or TransCor to modify or remove the designation or a court order. The terms of this Protective Order are not to be construed as an agreement by CoreCivic, TransCor, USMS, or BOP, or their employees, to disclose security sensitive information related to the operation of any CoreCivic, USMS, or BOP facility, or to the operation of any TransCor transport vehicle.

8. While this Protective Order intends to limit access to certain information as set forth in Paragraph 7, nothing in this Protective Order limits Plaintiff from viewing his own CONFIDENTIAL INFORMATION, which includes his non-publicly available medical and mental health records.

9. If Plaintiff's counsel or experts are required by law or court order to disclose CoreCivic's and/or TransCor's CONFIDENTIAL INFORMATION to any person or entity not identified in Paragraph 6, the name of that person or entity will be furnished to CoreCivic and/or TransCor as far in advance of disclosure as is reasonably possible (ideally, not less than two weeks), so that CoreCivic and/or TransCor may object and seek further protection as necessary. Once an objection has been made, there will be no disclosure until the matter is resolved, unless disclosure is required by law or court order. Any person not listed in Paragraph 6 who is then entitled to receive CONFIDENTIAL INFORMATION must be furnished with a copy of the Protective Order.

10. If Plaintiff's counsel desires to use the documents or CONFIDENTIAL INFORMATION produced pursuant to this Agreement in any other lawsuit, Plaintiff's counsel must first request permission in writing from the Office of the General Counsel of CoreCivic and/or Struck Love Bojanowski & Acedo, PLC.[1] The request must be made in sufficient time (not less than two weeks) for CoreCivic and/or Struck Love Bojanowski & Acedo, PLC to adequately respond. If permission is given, all terms of this Agreement will apply to use of the CONFIDENTIAL INFORMATION in any other lawsuit. If permission is not given, Plaintiff's counsel agrees not to use the documents produced in

---

[1] As a wholly-owned subsidiary of CoreCivic (Doc. 6), TransCor does not maintain a separate Office of General Counsel. All requests to use TransCor's CONFIDENTIAL INFORMATION produced pursuant to this Agreement in any other lawsuit must therefore be made in writing to the Office of General Counsel for CoreCivic and/or Struck Love Bojanowski & Acedo, PLC as set forth in Paragraph 10.

this litigation in any other subsequent litigation absent a court order permitting use of such CONFIDENTIAL INFORMATION.

      11.     Counsel for the parties retain the right to challenge the designation of a particular document as CONFIDENTIAL INFORMATION. The burden of proof with respect to the propriety or correctness in the designation of information as CONFIDENTIAL INFORMATION will rest on the designating party. Nothing in this Order or the acceptance of documents under this Order waives any party's rights to object to the classification of any information as confidential and to submit the issue to the Court for resolution.

      12.     The intent and purpose of this Agreement is to facilitate the disclosure and use of relevant and discoverable documents containing CONFIDENTIAL INFORMATION for purposes of this litigation. Nothing in this Protective Agreement precludes Plaintiff or Defendants from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from the Protective Order. Moreover, by agreeing generally in this Protective Order that certain categories will be covered as confidential, although the parties may not refuse to produce particular documents simply because they contain CONFIDENTIAL INFORMATION, the parties do not waive the right to challenge the discoverability of documents that fall within those categories.

      13.     Each person designated in Paragraph 6, by receiving and reading a copy of the Protective Order entered by the Court as part of this Agreement, agrees to abide by its provisions and to see that its provisions are known and adhered to by those under

his or her supervision or control, and to submit to the jurisdiction of the Court in the event the Order or Agreement is breached.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE