# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

---

CHRISTOPHER AGUIRRE,

    Plaintiff,

v.                                                            No. 1:17-cv-01267 WJ/CG

CORRECTION CORPORATION OF
AMERICA, *also known as* CORECIVIC,
CORVEL CORPORATION, TRANSCOR AMERICA
WARDEN CHAD MILLER,
CORRECTIONAL OFFICE ISSACS, AND
CORRECTIONAL OFFICER FUENTES,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

Before the Court are the Motions to Dismiss filed by corporate Defendants CoreCivic, Transcor America, and CorVel Corporation (Docs. 2 and 19). Having reviewed the Complaint, the Motions, and applicable law, the Court will dismiss Plaintiff's Eighth Amendment claims against the corporate Defendants and dismiss CorVel from this lawsuit.

## **BACKGROUND**[1]

This case arises from a transport van accident involving inmate Christopher Aguirre (Plaintiff) and two correctional officers. Officers Issacs and Fuentas were transporting Plaintiff from Estancia to Las Cruces on July 18, 2016. Plaintiff was sitting on a bench without a seatbelt. He was fully restrained by belly chains, wrist restraints, and leg shackles. At some point Officer Issacs saw an animal near the side road and stated: "Don't do it. Don't you do it." The animal

---

[1] The background facts are taken from the allegations in Plaintiff's Complaint, which the Court accepts as true for the limited purpose of this ruling.

crossed, causing a collision. Plaintiff was thrown from his seat and sustained a large laceration to his head. Plaintiff asked Officers Issacs and Fuentes to free his hands so he could stop the bleeding, but they refused and instead retrieved the antlers from the van's grill. Plaintiff continued to lie on the floor bleeding until another officer could respond. He remembers feeling like he was going to die.

The officers transported Plaintiff to Presbyterian Hospital in Albuquerque, where doctors sutured the laceration and treated him for neck pain, dizziness, vomiting, and loosened front teeth. Plaintiff scheduled a follow-up visit for July 21, 2016 and returned to the Torrance County Detention Facility (TCDF) in Estancia. On July 20, 2016, prison officials again attempted to transport Plaintiff from Estancia to Las Cruces. However, he refused to board the van because it did not have seatbelts. Captain Arbagast urged Plaintiff to "get over it" because "it was just an accident." (Doc. 1-1 at 6). Plaintiff again refused, and Warden Miller placed him in segregation.

Thereafter, Plaintiff complained of dizziness, nausea, vomiting, and anxiety. He requested a mental health assessment and was seen by Nurse Lombardi on July 22, 2016. Nurse Lombardi indicated she would refer Plaintiff to a psychologist due to the accident's "lasting effects [on] his mental state." (Doc. 1-1 at 6). Prison officials did not take Plaintiff to his follow-up appointment at Presbyterian Hospital, and it is unclear whether he ever saw a psychologist.

Plaintiff filed the Complaint, through counsel, on November 3, 2017 in New Mexico's Second Judicial District Court. He asserts a claim for negligence under the New Mexico Tort Claims Act (NMTCA) (**Count I**) and an Eighth Amendment claim for deliberate indifference to medical needs (**Count II**) against:

Officer Issacs, who drove the transport van;

Officer Fuentes, who sat in the passenger seat of the van;

2

> Warden Miller, who placed Plaintiff in segregation;
>
> CoreCivic and Transcor America (Transcor), the private prison administrators that employ Miller, Fuentes, and Issacs; and
>
> CorVel Corporation, the third-party claims administrator for CoreCivic's automobile insurer.

In January 2018, CoreCivic and Transcor removed the case to federal court and moved for dismissal of the Complaint under Fed. R. Civ. P. 12(b)(6). They argue private entities are not liable under *Bivens*, and, in any event, the alleged constitutional violations do not stem from an official policy or custom under 42 U.S.C. § 1983. They further contend the NMTCA only imposes liability on public employers, rather than private entities providing public services. CorVel filed a separate motion to dismiss in March 2018, arguing it is not a proper party to this case.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a case for failure to state a claim upon which relief can be granted. Rule 8(a)(2), in turn, requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a court must accept all factual allegations as true, the same is not true of legal conclusions. *Id*. Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. The Court will therefore disregard all conclusory statements of law and consider whether the "remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming*, LLC v. Collins, 656 F.3d 1210,

1214 (10th Cir. 2011).

**DISCUSSION**

A. <u>Count II Fails to State a Constitutional Claim Against CoreCivic and Transcor</u>

CoreCivic and Transcor seek dismissal of Count II based on two alternative theories. First, they argue Plaintiff's Eighth Amendment claims are properly analyzed under *Bivens*,[2] rather than 42 U.S.C. § 1983, because Plaintiff was a federal pretrial detainee when the accident occurred. Count II must be dismissed under *Bivens*, which does not extend liability to private prison administrators. *See Correctional Services Corp. v. Malesko,* 534 U.S. 61, 70-74 (2001). Alternatively, CoreCivic and Transcor contend that even if the claim is analyzed under § 1983 - as Plaintiff was housed and transported by a state facility - the Complaint fails to state a claim against the corporate defendants.

The Court need not distinguish between the theories because, even under the lower § 1983 standard, Count II fails. "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). Private prison administrators are "persons" subject to suit under § 1983, but they cannot face liability solely because they employ a tortfeasor. *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003). To be liable under § 1983, the private entity must have "had an 'official ... policy of some nature ... that was the direct cause or moving force behind the constitutional violations." *Id.*

The alleged violations here involve negligent driving and indifference to medical needs following the accident. The Complaint does not allege CoreCivic or Transcor had an official

---

[2] A "*Bivens* action" refers to the Supreme Court case of *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

policy or custom that directly caused those issues, nor does it even mention the corporations beyond naming them as employers. Plaintiff's counseled response to the motion to dismiss is similarly deficient. It simply gives lip-service to the *Dubbs* standard, alleging "each [employee] was acting under the authority, policy, and custom" of CoreCivic and Transcor. Such statement gives no insight into how any corporate decision contributed to the accident. Count II therefore fails to state an Eighth Amendment claim against CoreCivic or Transcor.

      B.      <u>Plaintiff May Amend Count I (Negligence)</u>

CoreCivic and Transcor also ask the Court to dismiss Count I (Negligence) to the extent it is brought under the NMTCA. Count I cites N.M.S.A. 1978 41-4-15, which provides: "The immunity granted pursuant to [the NMTCA] does not apply to liability for damages … caused by the negligence of public employees while acting within the scope of their duties in the operation … of any motor vehicle." CoreCivic and Transcor argue the NMTCA only applies to "government entities" rather than private prison administrators. N.M.S.A. 1978 § 41-4-2. Plaintiff did not directly address the NMTCA in his response to the motion to dismiss.

The NMTCA grants blanket immunity to governmental entities and public officials "acting within the scope of duty," and goes on to identify exceptional circumstances under which plaintiffs can sue. *See* N.M.S.A. 1978 § 41-4-4, *et. seq*. The statute was enacted to "affirm[] the sovereign immunity of [New Mexico] from tort claims." *Martinez v. New Mexico Dep't of Transp*., 296 P.3d 468, 470 (N.M. 2013). However, private prison administrators do not enjoy the protections of sovereign immunity and are "fully exposed to the numerous … suits brought by inmates." *Phillips v. Tiona*, 508 Fed. App'x 737, 752 (10th Cir. 2013) (citing *Richardson v. McKnight*, 521 U.S. 399, 413 (1997)). Accordingly, courts in this district have uniformly held that suits against private prison employees and administrators are governed by New Mexico's general tort principles

5

rather than the NMTCA.  *See Giron v. Corrections Corp. of Am*erica, 14 F. Supp. 2d 1245, 1252 (D.N.M. 1998) (Hansen, L.) (noting "the [New Mexico] legislature did not intend for the corrections officers employed by private prison operators to have the same tort immunities as those possessed by corrections officers employed directly by the state"); *Ramirez v. Trujillo*, 2010 WL 11618914, at *1 (D.N.M. Dec. 3, 2010) (Johnson, W.) ("It is not at all clear that [Corrections Corp. of America] is a 'governmental entity' under the NMTCA"); *Sarshik v. Corr. Med. Servs., Inc.*, 2012 WL 13071877, at *8 (D.N.M. Nov. 8, 2012) (Johnson, W.) (citing *Giron* and noting: "no law specifically provides that a private correctional company hired by the state corrections department constitutes an instrumentality of the state"); *Pena v. Greffet*, 922 F. Supp. 2d 1187, 1255 (D.N.M. 2013) (Browning, J.) (general tort principles, rather than NMTCA, apply to claims against private prison administrators and employees).

Based on this authority, the Court agrees the Complaint fails to state a claim under the NMTCA.  However, the appropriate remedy is not to dismiss Count I with prejudice, as CoreCivic and Transcor request.  Plaintiff has alleged facts "respecting all the material elements necessary to sustain a recovery under some viable [negligence] theory."  *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (Plaintiffs can survive 12(b)(6) where the alleged facts demonstrate an entitlement to "recovery under some viable legal theory") (quotations omitted).  *See also Barrett v. Tallon*, 30 F.3d 1296, 1299 (10th Cir. 1994) ("A complaint should not be dismissed under Rule 12(b)(6) merely because plaintiff's allegations do not support the legal theory he intends to proceed on, ... and certainly not when other theories are apparent on the face of the complaint.").  The Court will therefore dismiss Count I without prejudice and grant leave to amend the negligence claim within 30 days of entry of this Order.

C.  CorTel is Not a Proper Party to this Suit

In a separate motion, CorVel also seeks dismissal from this lawsuit. CorVel contends it is not a proper defendant because it merely functions as the third party administrator for CoreCivic's auto insurance carrier. Plaintiff responds that CorVel sent a letter to counsel requesting a Release of Information, and the company is therefore acting as a representative of the tortfeasors. This fact, if true, does not make CorVel a proper party to this suit. There are no allegations that CorVel owns, operates, or is otherwise involved in prison operations, nor does the Complaint otherwise suggest CorVel is liable for any wrongdoing. It merely states CorVel "is a foreign corporation registered to do business in New Mexico…;" "is authorized to do business in the State of New Mexico;" and "was doing business in the State … at all times relevant to this complaint." Doc. 1-1 at ¶¶9, 13.

The Court also rejects the notion that CorVel is a proper party as a matter of law. It is true that a defendant's insurer may be named in a negligence suit when the defendant is compelled by statute to maintain automobile liability insurance. *See Raskob v. Sanchez,* 970 P.2d 580 (N.M. 1998). The insurer's involvement is predicated on a privity theory, as New Mexico law assumes that "an insurance [contract] procured by force of legislative enactment inures to the benefit of any injured member of the public." *Id.* (quoting *Breeden v. Wilson,* 273 P.2d 376, 380 (1954). However, Plaintiff has also not cited, nor has the Court uncovered, any authority suggesting a plaintiff is in privity with the defendant's insurer's third party claims administrator. Indeed, it is difficult to imagine how such a tenuous relationship could exist by virtue of a standard automobile insurance contract. Even it were possible, the Complaint alleges no facts to support such a relationship. Plaintiff has therefore failed to state a claim against CorVel, and the Court will grant CorVel's motion to dismiss.

D.  The Court Declines to Impose Sanctions

CorVel also seeks sanctions against Plaintiff for refusing to consent to voluntary dismissal. Plaintiff has not had an opportunity to respond to the request, as CorVel raised it in a reply brief. In any event, the Court finds sanctions are not warranted at this time. Plaintiff's counsel may have believed in good faith that it was appropriate to name CorVel under *Raskob v. Sanchez,* 970 P.2d 580 (N.M. 1998) and similar cases. CorVel also contacted Plaintiff's counsel for information, which could have added to the confusion. The Court therefore denies CorVel's request for sanctions, but admonishes Plaintiff's counsel to research any further issues before refusing to cooperate with opposing counsel.

## CONCLUSION

Based on the foregoing, **IT IS ORDERED** that Motion to Dismiss filed by CoreCivic and Transcor (**Doc. 2**) is **GRANTED, IN PART**; Count I is **DISMISSED WITH PREJUDICE**, as it relates to CoreCivic and Transcor; and Count II is **DISMISSED WITHOUT PREJUDICE** as it relates to all Defendants.

**IT IS FURTHER ORERED** that Plaintiff may file a complaint which amends Count II within 30 days of entry of this Order.

**IT IS FINALLY ORDERED** that the Motion to Dismiss filed by CorVel (**Doc. 19**) is **GRANTED.**

**SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE