IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

CHRISTOPHER AGUIRRE,

        Plaintiff,

v.                                                                                                                                                             No. 17-CV-1267-WJ-CG

CORRECTIONS CORPORATION OF AMERICA,
AKA CORECIVIC, TRANSCOR AMERICA,
WARDEN CHAD MILLER,
CORRECTIONS OFFICER BRENDA L. ISSACS, AND
CORRECTIONS OFFICER CHRISTOPHER L. FUERTAS,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Court's Order to Show Cause, [Doc. 83], and Defendants' Response to Order to Show Cause. [Doc. 84].

## BACKGROUND

On November 3, 2017, Plaintiff filed a complaint in state court against Defendant Corrections Corporation of America ("CoreCivic"), Defendant Transcor America ("Transcor"), Defendant Corvel Corporation ("CorVel"), Defendant Chad Miller, Defendant Brenda Isaacs (sued as "Issacs"), and Defendant Christopher Fuertes (sued as "Fuertas"). [Doc. 1.1]. The complaint alleged claims of negligence under the New Mexico Tort Claims Act, violations of the Eight Amendment of the United States Constitution, and vicarious liability. [Id.]

On December 29, 2017, the case was removed to this Court pursuant to 28 U.S.C. § 1441(a). [Doc. 1]. Corporate Defendants CoreCivic, CorVel, and Transcor filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). [Doc. 2 and 19]. On September 18, 2018, this Court filed a Memorandum Opinion and Order, [Doc. 51 supplemented by Doc. 70], finding that: (1) Plaintiff failed to state a constitutional claim against CoreCivic and Transcor and dismissed the claim with

1

prejudice as to these two defendants; (2) Plaintiff failed to state a claim for negligence, dismissed the claim without prejudice, and granted to leave to allow Plaintiff to amend the negligence claim within 30 days of the filing of the Memorandum Opinion and Order; and (3) CorVel was not a proper party to the lawsuit, thus, dismissing it from the case. On October 18, 2018, Plaintiff filed an Amended Complaint for Damages Resulting from Personal Injury against Defendant Isaacs, Defendant Fuertes, and Transcor alleging negligence, negligent hiring and training, and vicarious liability claims.

Plaintiff filed an amended complaint that alleges a claim of negligence against Defendant Isaacs, Defendant Fuertes, and Defendant Transcor, a claim of vicarious liability and an additional claim of negligent hiring and training against Defendant Transcor. The amended complaint did not reference any constitutional violations that would give this Court jurisdiction. *See Franklin v. Kansas Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir. 2005) (holding that an amended complaint supersedes the original complaint and renders the original complaint of no legal effect as to claims and defendants not included in the amended complaint).

The Court then filed an Order to Show Cause *sua sponte* to address whether the Court should retain jurisdiction as no federal claims remained on the complaint. The Court asked both parties to file responses, if they wished to do so. Only Defendants' filed a response.

## DISCUSSION

Defendants suggest that the Court should retain jurisdiction because "judicial economy, convenience, fairness, and comity weigh in favor of jurisdiction." [Doc. 84 at 3-4 (citing *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988))].

Under 28 U.S.C. § 1367 this Court "may decline to exercise supplemental jurisdiction over [Plaintiff's pendent state law claims] if . . . the district Court has dismissed all claims over which

it has original jurisdiction." 28 U.S.C., § 1367(a), (c)(1). "Since pendent jurisdiction is a doctrine of discretion, *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966), a district court may decline to exercise jurisdiction over a state law claim . . .. If the federal claim is dismissed before trial, even though not insubstantial in the jurisdictional sense, the state law claim will generally be dismissed as well." *Thatcher Enters v. Cache Cnty Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990).

[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims. When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice. *Cohill*, 484 U.S. at 350 (footnote omitted). "[T]he doctrine of pendent jurisdiction thus is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Id.* Weighing the factors set forth set forth in *Cohill*, the Court will decline to exercise jurisdiction over Plaintiff's pendent state-law claims.

Although the case has been pending in this Court for about a year and discovery has been conducted, the Court allowed Plaintiff to file an amended complaint, no trial has been set, and the Court has not ruled on the summary judgment motions filed by Defendants. Therefore, this case is still some distance from ready for trial and the Court sees no advantage between either this Court or state court as far as judicial economy.

Next, as to convenience, Defendants do not guide the Court on how this Court would be more convenient than a state court. The Court finds that both courts are convenient for the parties.

As far as comity, Defendants argue that this Court is just as capable as the state court to resolve the issues of negligence alleged by Plaintiff. However, the state courts are better suited to resolve these issues as they are able to procure for the parties a surer-footed reading of applicable law. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."); *see also Brooks v. Gaenzle*, 614 F.3d 1213, 1230 (10th Cir. 2010) (reversing and remanding the district court's grant of summary judgment on state tort claim with instructions to dismiss the claim without prejudice without considering the remaining *Cohill* factors because "[n]otions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary" (internal quotation marks and citation omitted)). Therefore, the factors weigh in favor of remand.

Finally, because of Plaintiff's tactical decisions in this Court, the Court is concerned that Plaintiff will simply file a state-court complaint with the federal claims once the case is remanded to state court, and thus, this may give the Court jurisdiction again. Therefore, the Court will only remand the case after Plaintiff has dismissed the federal constitutional claims with prejudice against all defendants. Fed.R.Civ.P. 41(a) (voluntary dismissal by a plaintiff).

## CONCLUSION

**IT IS THEREFORE ORDERED** that this action will be remanded to the Second Judicial District Court, Bernalillo County, State of New Mexico only if the following condition is met:

1. Plaintiffs voluntarily dismiss with prejudice any and all federal claims.

Absent compliance with this condition within fourteen (14) days, this Court will retain jurisdiction.

_____
CHIEF UNITED STATES DISTRICT JUDGE